**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7095**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KELVIN LAMONT BROWN, a/k/a Doom,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:13-cr-00110-RGD-TEM-4)

Submitted: July 13, 2021                Decided: September 29, 2021

Before GREGORY, Chief Judge, AGEE, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion. Judge Agee dissents.

Kelvin Lamont Brown, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Lamont Brown appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (FSA). In this motion, Brown first asserted that his serious medical conditions—which Brown identified as severe sleep apnea, narcolepsy, high blood pressure, esophageal reflux disorder, being pre-diabetic, a history of childhood bronchitis, a family history of various chronic ailments (including asthma and heart disease), and being obese—rendered him particularly vulnerable to serious illness or complications should he contract COVID-19. Brown also argued that his post-sentencing rehabilitation, including the successful completion of programming and good conduct while incarcerated, established that release was appropriate, and that the FSA allowed for a sentence reduction responsive to the enacted legislative change relevant to "stacking" sentences for 18 U.S.C. § 924(c) convictions.[1]

By order entered on July 16, 2020, the district court ruled that Brown's medical conditions did not rise to the level of "extraordinary and compelling reasons" to support the grant of compassionate release. In reaching this conclusion, the district court enumerated most of Brown's health conditions, but it did not mention Brown's obesity. Nor did the district court address the other aspects of Brown's motion.

---

[1] Following a jury trial in 2014, Brown was convicted of two § 924(c) charges. The court imposed consecutive 60- and 300-month sentences for these counts of conviction.

Brown timely appeals, challenging the court's rationale for rejecting his motion.[2] For the reasons that follow, we vacate the district court's order and remand for further proceedings.

Under § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." The court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise" in deciding whether to grant a defendant-filed motion. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and emphasis omitted). The court must also consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." § 3582(c)(1)(A).

We review a district court's ruling on a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). Additionally, while there is no "categorical . . . requirement" that a court explicitly address each of the movant's arguments on the record, the court also errs if, in light of the particular circumstances of the case, its explanation is "[in]adequate to allow for meaningful appellate review." *United*

---

[2] We initially held this appeal in abeyance for *United States v. Kibble*, No. 20-7009, and *United States v. High*, No. 20-7350. Our opinion in *High* issued on May 7, 2021, rendering this case ripe for adjudication.

*States v. High*, 997 F.3d 181, 187, 189 (4th Cir. 2021); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("Just how much of an explanation [is] require[d] . . . depends . . . upon the circumstances of the particular case.").  The district court must "set forth enough to satisfy [this] court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority."  *High*, 997 F.3d at 190 (alterations, internal quotation marks, and emphasis omitted).

Here, the district court did not explicitly identify Brown's alleged obesity in its analysis of whether his preexisting medical conditions, considered within the context of the COVID-19 pandemic, satisfied the "extraordinary and compelling" standard in § 3582(c)(1)(A)(i).  Pursuant to the CDC's most recent guidance on individuals at risk to develop serious COVID-19 complications, obesity is a salient factor.[3]  We thus conclude the district court abused its discretion in denying Brown's motion without expressly evaluating such a significant component of the advanced claim.  *See Dillard*, 891 F.3d at 158-59 (holding the district court abused its discretion by failing to consider all appropriate factors in analysis).  We recognize, however, that the district court did not have the benefit of our decisions in *High*, *Kibble*, or *McCoy*[4] when it resolved Brown's motion in July 2020.

---

[3] In its latest guidance, the CDC identified two of Brown's conditions—having high blood pressure and being overweight or obese—as risk factors in relation to contracting COVID-19, regardless of the individual's age.  *See* "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 28, 2021).  Brown was 40 years old when he filed the underlying motion.

[4] *McCoy* is relevant to this case in that, there, we recognized "that the district courts permissibly treated as 'extraordinary and compelling reasons' for compassionate release (Continued)

4

Accordingly, while we vacate the district court's order and remand this case for further proceedings consistent with these decisions, we express no view as to the merits of Brown's compassionate release motion. We deny as moot Brown's motion for the appointment of counsel on appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*[5]

---

the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act." *McCoy*, 981 F.3d at 286. We decided *McCoy* in December 2020, nearly five months after the district court resolved the underlying motion.

[5] Judge Agee dissents.